KRAMER LEVIN NAFTALIS & FRANKEL LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

September 8, 2016

Via ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. William T. Walters*, No. S1 16 Cr. 338 (PKC)

Dear Judge Castel:

  We write on behalf of our client, William Walters, in opposition to the government's request to accelerate the motion schedule and advance the trial date previously set by this Court. There is no basis for this extremely unusual request.

  The government's request is nothing more than an attempt to re-litigate in this Court the motion it just lost before Judge Stanton to stay the parallel civil enforcement action brought by the Securities and Exchange Commission. *SEC v. Walters, et al.*, No. 16-cv-3722 (LLS) (the "Civil Action"). A copy of Judge Stanton's order (Order, *SEC v. Walters et al.*, No. 16-cv-3722 (LLS), ECF 61), which the government does not attach, is attached as Exhibit A. After a pre-motion conference and full briefing of the issue, Judge Stanton denied the government's request for a stay of civil discovery. In so doing, Judge Stanton specifically addressed and rejected the government's argument, now made to this Court, that there is anything unjust or unfair about allowing Mr. Walters to conduct civil discovery. Judge Stanton recognized that the government found "itself in a foreseeable position due to circumstances within its control" when, "[a]fter investigating for several years, the USAO and the SEC announced two securities actions, one civil and the other criminal, against Mr. Walters on the same day." *Id.* at 2. Thus, Judge Stanton held that the Civil Action "will proceed in the usual fashion." *Id.* at 3.

  Despite the alarmist tone of the government's letter, the only thing that is now happening is that the process of civil discovery is proceeding, per Judge Stanton's order, in the

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Hon. P. Kevin Castel
September 8, 2016
Page 2

usual fashion. On the same day that Judge Stanton denied the government's motion for a stay, he also ordered the parties to appear for a conference on September 16, 2016, in accordance with Fed. R. Civ. P. 16(b). Exhibit B, Order for Conference, *SEC v. Walters*, No. 16-cv-3722 (LLS), ECF 58. That order requires the parties to submit to Judge Stanton a proposed scheduling order that identifies, among other things, "the names of persons to be deposed and a schedule of planned depositions." *Id.* at ¶ 3(a). In order to comply with Judge Stanton's order and the Federal Rules of Civil Procedure, counsel for Mr. Walters, The Walters Group, Nature Development, and the Commission held a conference pursuant to Rule 26(f) during which they agreed to exchange initial lists of proposed deponents by September 7, 2016 at 5:00 PM. It appears that after that exchange of information occurred, the SEC provided Mr. Walters's initial list of potential witnesses to the government so that the government could file their letter late last night.

The government's feigned surprise at the current state of affairs is difficult to reconcile with the facts. When Your Honor set this trial to begin on March 13, 2017 at the July 29, 2016 conference—a trial date with which the government agreed—the government was fully aware that the SEC case was pending, discovery had not been stayed and the defense opposed a stay. (Exhibit C, July 12, 2016 e-mail from Daniel Goldman to Barry Berke and Paul Schoeman). The government is clearly only raising issues about the SEC case now having failed in its efforts to persuade Judge Stanton to grant a stay.

Nor can the government be surprised that Mr. Walters has identified potential deponents in the civil case who may be government witnesses in the criminal trial. The government already made arguments to Judge Stanton concerning the overlap of facts and witnesses between these cases, and he was unpersuaded that, under the applicable case law, the government had set forth a valid basis for a stay. Moreover, when Judge Stanton denied the government's motion for a stay, he concluded: "If, in the normal course of prosecution and defense it appears that either side is gaining an unfair or abusive advantage, further application to the Court may be made." (Exhibit A, Order at 3). Thus, if the government has concerns with the progression of discovery in the Civil Action, it can raise those issues with Judge Stanton as directed by his Order.

Finally, there is nothing about ongoing civil discovery that should shorten the defense's time to prepare for the criminal trial, and the government's argument to the contrary makes no sense. The defense is busy doing exactly what we discussed at the July 29 Conference to be ready for the scheduled March 13 trial date. There is nothing about the fact that Judge Stanton ordered the SEC's case to proceed in the "usual fashion" that interferes with this work. In fact, as Judge Stanton noted, it is much more efficient for discovery in both cases to proceed "in parallel" rather than one at a time. (Exhibit A, Order at 3) ("The work of discovery can be going forward usefully during the prosecution of the criminal case, rather than awaiting its conclusion before starting on the civil case."). The government's attempt to reduce the time for the defense to prepare for trial because it lost its motion before Judge Stanton is entirely without

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Hon. P. Kevin Castel
September 8, 2016
Page 3

basis and an obvious tactical ploy to hamper the defense—a gambit which is particularly unfair given the years the government had to investigate and prepare this case before filing charges.

Accordingly, we respectfully request that the Court deny the government's request.

Respectfully submitted,

Barry H. Berke
Paul H. Schoeman

cc: Brooke E. Cucinella (by ECF)
Daniel S. Goldman (by ECF),
    Assistant United States Attorneys