# EXHIBIT A

**MEMO ENDORSED** **ORIGINAL**

```
RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

   ┌────────────────┐
   │  AUG 1 1 2016  │
   └────────────────┘

UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

             Plaintiff,

        - against -

WILLIAM T. WALTERS and THOMAS C. DAVIS,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

NOTICE OF MOTION

No. 16 Civ. 3722 (LLS)

        PLEASE TAKE NOTICE that upon the Complaint in the above-captioned action; the Indictment in criminal case *United States* v. *William T. Walters, a/k/a "Billy,"* 16 Cr. 338 (PKC) (the "Criminal Case"); and the accompanying memorandum of law, the United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and Daniel S. Goldman and Brooke E. Cucinella, Assistant United States Attorneys, will move this Court for an order to stay this matter in its entirety until the conclusion of the Criminal Case, as well as for such other relief as the Court deems just and proper.

Dated: New York, New York
       August 10, 2016

                              PREET BHARARA
                              United States Attorney

            By:    /s/_____
                     Daniel S. Goldman
                     Brooke E. Cucinella
                     Assistant U.S. Attorneys
                     212-637-2289/2477

```
┌──────────────────────────────┐
│ USDC SDNY                     │
│ DOCUMENT                      │
│ ELECTRONICALLY FILED          │
│ DOC #:_____        │
│ DATE FILED:  8/26/16          │
└──────────────────────────────┘
```

**MEMO ENDORSED**

## MEMORANDUM ENDORSEMENT

<u>Securities and Exchange Commission v. Walters et al.</u>,
16 Civ. 3722 (LLS)

The U.S. Attorney's Office ("USAO") finds itself in a foreseeable position due to circumstances within its control. After investigating for several years, the USAO and the SEC announced two securities actions, one civil and the other criminal, against Mr. Walters on the same day. As a result of this coordinated effort by two arms of the government, Mr. Walters can avail himself of the liberal discovery permitted by the civil case, while using his Fifth Amendment privilege not to reciprocate. Perceiving that as an unfair advantage, the USAO intervened and now seeks to stay this civil case until its criminal case is over.

Staying a civil action pending the conclusion of a related criminal prosecution is an extraordinary remedy. <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 98 (2d Cir. 2012). The USAO must establish, based on "a particularized inquiry" into the circumstances of the case, that it would suffer undue prejudice if not granted a stay. <u>Id.</u> at 97, 99.

The USAO's arguments are based on the public interest:

> Finally, the Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery-- restrictions that, <u>inter alia</u>, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses.

USAO Br. 14 (Dkt. No. 47).

The USAO presents ambiguous evidence to support a suspicion that Mr. Walters will violate 18 U.S.C. § 1512 (witness tampering), but nothing of the sort with regard to §§ 1519 (falsifying records), or 1622 (subornation of perjury). Its concern is the general (and appreciable) risk that criminal defendants may engage in such behavior if not restrained by criminal discovery rules. Its wiretap evidence contains some disturbing phrases, but not enough to justify a stay of this action.

Mr. Walters argues that a stay would place him at a disadvantage in obtaining and preserving evidence for his own defense. The SEC has been gathering evidence for years, and its

allegations concern oral statements stretching back to 2008. As time passes, memories fade and documents become unavailable.

Mr. Walters is funding his defense personally. The cost of doing so will increase if his counsel cannot work on both cases in parallel. Mr. Walters has business ties to the gaming industry. Stringent industry regulations make the pending actions especially damaging and have caused business partners to sever ties with him. He cannot rehabilitate those relationships until given the opportunity to defend this action. The work of discovery can be going forward usefully during the prosecution of the criminal case, rather than awaiting its conclusion before starting on the civil case.

This action will proceed in the usual fashion. If, in the normal course of prosecution and defense it appears that either side is gaining an unfair or abusive advantage, further application to the Court may be made.

The motion for a stay is denied.

So ordered.

Dated:     New York, New York
           August 26, 2016

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                    U.S.D.J.