UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :        **ECF CASE**
        -v-                                         :
                                                    :        S1 16 CR. 338 (PKC)
WILLIAM T. WALTERS                                  :
        a/k/a "Billy,"                              :        **DECLARATION OF**
                                                    :        **PAUL H. SCHOEMAN, ESQ.**
                          *Defendant.*              :
                                                    :
———————————————————————— x

        PAUL H. SCHOEMAN, ESQ., hereby declares, pursuant to 28 U.S.C. § 1746 and

under penalty of perjury, as follows:

        1.      I am a partner at the law firm of Kramer Levin Naftalis & Frankel LLP, counsel

for defendant William T. Walters in the above-captioned matter.

        2.      I further submit this Declaration to provide the Court with documents and

information pertinent to Mr. Walters's Motions for a Bill of Particulars, *Brady* Material, and a

Hearing to Address Government Misconduct.

        3.      On May 31, 2016 and August 31, 2016, counsel for Mr. Walters requested that the

government produce materials and information pursuant to Fed. R. Crim. P. 16 and *Brady v.*

*Maryland*, 373 U.S. 83 (1963) and its progeny, including *Giglio v. United States*, 405 U.S. 150

(1972), specifically including materials and information within the possession custody, or control

of not only the United States Attorney's Office, but also of the United States Securities &

Exchange Commission, the Federal Bureau of Investigation, and the United States Postal

Inspection Service.  In conversations on September 13 and September 16, 2016, counsel for the

government responded that they would not review material within the SEC's possession, custody

or control, in order to comply with its *Brady* obligations, but would instead review and produce

materials or information that it had received from the SEC, or if it had access to those materials and information.

4.      Pursuant to Local Criminal Rule 16.1, I hereby confirm that counsel for Mr. Walters conferred with counsel for the government in a good faith effort to resolve the issues raised by Mr. Walters's motion for a bill of particulars but were unable to reach an agreement.

5.      In a letter dated July 19, 2016, counsel for the government disclosed in part the following information: "On or about May 29, 2014, [Tom] Davis was approached by agents from the [FBI] at his home in Dallas, Texas.  During a  discussion that ensued, Davis made the following statements, among others, to the law enforcement agents: . . . Davis stated that he never gave insider information to Billy Walters, and that he was '100 percent certain' of that fact."

6.      In a letter dated June 3, 2016, counsel for the government disclosed in part the following information:  "when the defendant was approached by law enforcement agents on or about June 10, 2014, he made the following statements, in sum and substance: . . . Walters stated that the agent was a true gentleman, but that he did not wish to answer any questions without an attorney present . . . ."

7.      In an application in support of an order under the Stored Communications Act dated May 12, 2016, counsel for the government affirmed various alleged facts concerning a prepaid cellular telephone, including that "DAVIS is no longer in possession of the Cellphone and cannot recall the exact number."

8.      In an FBI 302 report dated June 13, 2014, FBI agents stated in part the following information:  on May 29, 2014, Phil Mickelson was interviewed by Special Agents in Dublin, Ohio, and Mr. Mickelson stated "that he had 'done nothing wrong.'"

9.      To the best of my knowledge, information, and belief, the exhibits to this

Declaration are true and correct copies of the following documents.  Pursuant to the Protective

Order in this case, certain exhibits are redacted from this declaration and are not attached to the

publicly filed version.

10.     Exhibit A is a copy of a Letter from the United States Attorney's Office to Barry

H. Berke, Esq., *United States v. Walters*, S1 16 Cr. 338 (PKC) (S.D.N.Y. June 7, 2016).

11.     Exhibit B is a copy of the Bill of Particulars in *United States v. Gupta*, No. S1 11

Cr. 907 (JSR) (S.D.N.Y. April 9, 2012) ECF No. 47.

12.     Exhibit C is a copy of the Bill of Particulars in *United States v. Newman*, No. S2

12 Cr. 121 (RJS) (S.D.N.Y. August 29, 2012) ECF No. 111.

13.     Exhibit D is a copy of the Bill of Particulars in *United States v. Steinberg*, No. S4

12 Cr. 121 (RJS) (S.D.N.Y. September 18, 2013) ECF No. 299.

14.     Exhibit E is a copy of a Letter from the United States Attorney's Office to

Nathaniel Marmur, Esq., *United States v. Martoma*, 12 Cr. 793 (PGG) (S.D.N.Y. March 15,

2013) ECF No. 25-5.

15.     Exhibit F is a copy of the Bill of Particulars in *United States v. Contorinis*, No. 09

Cr. 1083 (RJS) (S.D.N.Y. July 2, 2010).

16.     Exhibit G is a copy of ████████████████████████

████████████████████████

17.     Exhibit H is a copy of ████████████████████████

████████████████████

3

18.     Exhibit I is a copy of █████████████████████████

████████████████████████████████████████████████████████

████████████

19.     Exhibit J is a copy of █████████████████████████

████████████████████████████████████████████████

20.     Exhibit K is a copy of an email from Michael Rothfeld of the *Wall Street Journal* to William T. Walters dated May 30, 2014, bearing production number WG 0053512. Personal identifying information has been redacted.

21.     Exhibit L is a copy of a *Wall Street Journal* article: Susan Pulliam and Michael Rothfeld, *FBI, SEC Probe Trading of Carl Icahn, Billy Walters, Phil Mickelson – Insider-Trading Investigation Began in 2011 with Unusual Trades in Clorox*, Wall St. J. (May 30, 2014).

22.     Exhibit M is a copy of a *New York Times* article: Matthew Goldstein and Ben Protess, *Investor, Bettor, Golfer: Insider Trading Inquiry Includes Mickelson, Icahn and William T. Walters*, N.Y. Times (May 30, 2014).

23.     Exhibit N is a copy of a *New York Times* article: Ben Protess and Matthew Goldstein, *Authorities Find Insider Trading Case Tied to Phil Mickelson Is Slow to Take Shape*, N.Y. Times (May 31, 2014).

24.     Exhibit O is a copy of a *Wall Street Journal* article originally published on June 2, 2014: Michael Rothfeld and Susan Pulliam, *Insider-Trading Probe Hits Snag as Surveillance Is Derailed*, Wall St. J. (June 2, 2014).

25.     Exhibit P is a copy of █████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

26.     Exhibit Q is a copy of ████████████████████████

████████████████████████████████████████████████

27.     Exhibit R is a copy of a *New York Times* article: Matthew Goldstein and Ben

Protess, *Golfer Mickelson's Role Said to Be Overstated in Insider Inquiry*, N.Y. Times (June 11,

2014).

28.     Exhibit S is a copy of a *New York Times* article: Matthew Goldstein and Ben

Protess, *Dean Foods Receives a Subpoena in an Investigation Into Mickelson's Trades*, N.Y.

Times (June 23, 2014).

29.     Exhibit T is a copy of a *Wall Street Journal* article: Susan Pulliam and Michael

Rothfeld, *U.S. Seeks Records in Inquiry Tied to Dean Foods, Clorox*, Wall St. J. (June 23, 2014).

Dated: New York, New York
        September 23, 2016

Paul H. Schoeman