# KRAMER LEVIN NAFTALIS & FRANKEL LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

December 16, 2016

Via ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. William T. Walters*, No. S1 16 Cr. 338 (PKC)

Dear Judge Castel:

      We write on behalf of our client, William Walters, in response to the government's letter of earlier today. We respectfully request that the Court (1) direct the government to provide to us the *ex parte* submission that the government's letter indicates was submitted to the Court under seal; and (2) deny the government's request to cancel the hearing previously ordered by the Court.

      The government concedes "it is now an incontrovertible fact that there were FBI leaks of confidential information to the press regarding this investigation." (Ltr. at 1). The government further concedes that it is "not in a position to effectively rebut the *prima facie* case that leaks to the media involved a Rule 6(e) violation . . . ." (Ltr. at 5). These concessions stand in stark contrast to the government's prior contentions that Mr. Walters's request for a hearing concerning government misconduct was a "fishing expedition" premised on "nothing more than unfounded speculation." (Government Opp. at 2). In fact, the government's most recent submission reveals that when the leaked information first appeared in the press, "the potential of a government leak" caused the United States Attorney and the Assistant Director in Charge of the New York Field Office to experience "great distress and anger." (Ltr. at 1). But, when Mr. Walters raised the same issue in his motion, the government sought to dismiss the concerns as "baseless" and not worthy of further inquiry. (Government Opp. at 32).

      When the government was adamantly denying any misconduct, it set forth the results of its factual investigation in an affidavit that was provided to the Court and to the

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. P. Kevin Castel
December 16, 2016
Page 2

defense and (with limited redactions) was filed publicly. Now that the government's initial position has proven to be untrue, the government seeks to deviate dramatically from that procedure by providing the new results of its investigation to the Court *ex parte* and *in camera*. This approach makes no sense, is contrary to bedrock principles in a criminal case and, not surprisingly, finds no support in the law.

The unique procedures in *In re Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998), on which the government relies, were designed to maintain grand jury secrecy where a target of a grand jury investigation seeks redress for leaks *prior to the return of an indictment*. The Court in *In re Sealed Case* explicitly recognized that upon the return of an indictment, the defendant would be entitled to "request the transcript of the [*ex parte*] Rule 6(e)(2) proceedings in order to determine whether to contest any indictment on the basis of the violation." *Id.* at 1076-77. Similarly, in *United States v. Eisenberg*, 711 F.2d 959, 965 (11th Cir. 1983), which the court in *In re Sealed Case* discussed at length, the Eleventh Circuit found that "[o]nce the court determines that Rule 6(e) has been violated . . . [and if] an indictment is issued against their clients, counsel may obtain the record of the investigation of the Rule 6(e) violations. At that time, the indicted individuals can decide whether to move for dismissal of the indictment on grounds of improper government conduct and prejudicial publicity in violation of Rule 6(e)." "While the grand jury is in session, the only interests of the targets are to stop the prejudicial publicity and to seek the punishment of individuals guilty of Rule 6(e) violations." *Eisenberg*, 711 F.2d at 964. But once a defendant is indicted, the district court can, in addition, "provide relief . . . to protect [defendant's] constitutional right to a fair trial . . . ." *Id.* at 965.

Given that the government has already voluntarily made extensive disclosures about its investigation – both in response to the motion and in Rule 16 discovery – no legitimate purpose would be served by denying Mr. Walters access to the information that the government has provided to the Court. Moreover, Mr. Walters must have access to the government's factual submission in order to understand the scope, nature and impact of the government's misconduct, which are obviously critical to the remedial measures Mr. Walters may seek from the Court.

In addition, the government's request to cancel the hearing ordered by the Court should be denied. The government does not explain why its latest version of the facts should be accepted without adversarial testing at a hearing. Any such argument would be wholly unpersuasive in light of the manifest inadequacy of the government's prior investigation, the inaccuracy of its prior submission to the Court, and the many unanswered questions raised by today's letter. For example, why did the government ignore or fail to uncover the Rule 6(e) violations following the many news articles that detailed the government's confidential investigation, or prior to the submission of a declaration assuring the Court that the government was not the source of the leaks. We respectfully submit that these and the many other questions raised by the government's remarkable letter, and potentially by the other materials it submitted today, should properly be addressed at a hearing.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Hon. P. Kevin Castel
December 16, 2016
Page 3

      Accordingly, we respectfully request that the Court order the government to provide counsel with copies of the material that it submitted *ex parte* and *in camera* and proceed with a hearing.

                          Respectfully submitted,

                          Barry H. Berke
                          Paul H. Schoeman

cc:    Michael Ferrara (by ECF)
       Daniel S. Goldman (by ECF),
           Assistant United States Attorneys