**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

December 18, 2016

<u>Via ECF</u>

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>*United States v. William T. Walters*, No. S1 16 Cr. 338 (PKC)</u>

Dear Judge Castel:

      We write on behalf of our client, William Walters, in brief response to the government's letter of earlier today purporting to provide additional authority in support of its request to conceal the details of admitted government misconduct from the defense.

      It is quite remarkable that the government begins its letter by seeking to minimize its wrongdoing and dismissing Mr. Walters' request for disclosure and opposition to cancelling the hearing as simply what defendants "always want when a Rule 6(e) violation has *potentially* occurred," in an effort to obtain a "windfall." (Government Dec. 18, 2016 Ltr. at 1) (emphasis added).[1] The government refuses to recognize that the Court is no longer dealing with a "potential" Rule 6(e) violation, but rather an actual violation. This may explain why the new authority it cites in its most recent letter only deals with "potential" violations, and offers no

---

[1] The government's letter is also notable for its revelation that the government did not make any "factual inquiry" prior to this Court ordering a hearing despite (i) the seven articles reporting details of its confidential investigation, (ii) the "great distress and anger" of the United States Attorney and Assistant Director of the FBI in charge of the New York Field Office over the leaks of the confidential grand jury material and (iii) the need to make a factual submission to the Court in response to our motion. (Government Dec. 18, 2016 Ltr. at 2, n.1).

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Hon. P. Kevin Castel
December 18, 2016
Page 2

support for its position that it can submit materials *ex parte* and under seal in the very different and rare situation we face of actual established Rule 6(e) violations.

To that end, *United States v. Renzi*, No. CR 08–212–TUC–DCB–(BPV), 2011 WL 7628538, at *10 (D. Ariz. Nov. 21, 2011) (Velasco, M.J.) is inapplicable because the court found the defendant had failed to make a *prima facie* case. The district court, in adopting the report and recommendation, "denie[d] the request for disclosure" of the government's investigation "especially given the complete failure on the merits of the Motion for an Order to Show Cause for Rule 6(e) violations." *United States v. Renzi*, 2012 WL 1029575, at *3 (D. Ariz. Mar. 27, 2012). Similarly, in *United States v. Flemmi*, 233 F. Supp. 2d 113 (D. Mass. 2000), the procedures for the government's submission occurred *prior to* any finding of a Rule 6(e) violation. The court in *Flemmi* found a "close question" of whether there was a *prima facie* case of a Rule 6(e) violation, and therefore ordered the government to submit *ex parte* affidavits that would "assist the court in determining whether the defendant has established a *prima facie* case of a violation of Rule 6(e) . . . ." *Id.* at 114.

There is no dispute that we are beyond the preliminary procedural issues addressed in *Renzi* and *Flemmi*. The government cannot cite a single case that holds, or even suggests, that where there is indisputable government misconduct, including an actual Rule 6(e) violation, an indicted defendant does not get to know the facts before seeking a remedy. Mr. Walters' ability to seek an appropriate remedy for the government's misconduct would be completely undermined if he is not permitted to learn the full nature, scope and impact of that misconduct.

Respectfully submitted,

/s/ Barry H. Berke
Barry H. Berke
Paul H. Schoeman

cc:   Joan M. Loughnane (by ECF)
      Michael Ferrara (by ECF)
      Daniel S. Goldman (by ECF),
         Assistant United States Attorneys