

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 8, 2017

**BY EMAIL & ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. William T. Walters, a/k/a "Billy,"**
               **S1 16 Cr. 338 (PKC)**

Dear Judge Castel:

      Consistent with Your Honor's Order during the May 2, 2016 conference in the above-captioned case, the Government writes in response to the defendant's Objections and Proposed Additions to the Government's Proposed Examination of Jurors.

      First, with respect to Paragraph 1, the Government objects to the defendant's request to delete the language about Darden Restaurants when describing the charges. *See* Docket No. 90, paragraph 1, p. 2.[1] As the Court – and the defendant – is aware, the defendant is charged with providing inside information relating to both Dean Foods and Darden Restaurants, and thus both companies should be included in the description of the charges.

      Next, the Government objects to the defendant's attempt to shoehorn the theory of the defense, dressed up as law, into the description of the charges in paragraph 2. Specifically, the Government objects to the third sentence (highlighted in the attached), in which the defense suggests that the Court, during *voir dire*, instruct the jury on the purported propriety of investors to meet and speak with insiders to "ferret out" information useful in making investment decisions. The Government has objected to the inclusion of this language in the defendant's proposed request to charge; we also object to its inclusion here.

---

[1] As suggested by the Court, the Government has attached a copy of the Government's Proposed Examination of Prospective Juror with Defendant's Objections and Proposed Additions, which is highlighted for ease of reference.

Hon. P. Kevin Castel
March 8, 2017
Page 2 of 2

      The Government objects to the defendant's addition of the word "allegedly" in paragraph 55: "You will hear testimony in this case from a cooperating witness, that is, a witness who at one time was *allegedly* involved in illegal activity…." As the Court – and the defendant – are aware, Mr. Davis has pled guilty to a twelve count Information, and the Court has accepted his plea. Given his twelve federal criminal convictions, there is nothing "alleged" about his involvement in illegal activity at this point. Accordingly, we ask that the Court use the Government's originally proposed language in paragraph 55, p. 12.

      Finally, the Government objects, generally, to the defendant's efforts to strike from the *voir dire* standard language about the nature of the case – questions designed to help identify those jurors who may have trouble following certain aspects of the law. For example, the defendant has asked the Court to omit the question regarding the law of conspiracy (paragraph 17, p. 5), as well as the standard question on investigative techniques (paragraphs 53-54, p. 11-12) and the juror's ability to follow the law that neither sympathy nor empathy may factor into his or her deliberations (paragraph 63-64, p. 13-14). The Government respectfully requests that the Court make these inquiries, as is the standard procedure in this District.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By:    /s/Brooke E. Cucinella
      Daniel S. Goldman
      Brooke E. Cucinella
      Michael Ferrara
      Assistant United States Attorneys
      (212) 637-2289/2477/2526

cc:    Barry H. Berke, Esq. (by ECF)
      Paul Schoeman, Esq. (by ECF)
      Andrew Estes, Esq. (by ECF)

*Enclosure*